TATE, Judge.
Plaintiff brought this action for damages sustained through the alleged desecration of a graveyard in which his parents were interred. The defendants in the present suit are the contractor, his employee, and his liability insurer, who performed the work in the plantation graveyard at the direction of the landowners who were made defendants in a companion suit, Thomas v. Mobley, La.App., 118 So.2d 476, with which this action was consolidated for trial and appeal.
The facts are fully set forth in such companion suit. As stated therein, the contractor and his employee brought out the tombstones and gravemarkers before using their machinery to clean the graveyard. The machinery so used was especially equipped with crawler treads and a ground level shearing blade so as to cut the vines, briars and other growth without defacing the ground surface of the cemetery. The preponderance of the evidence in the record demonstrates that this work was performed without disturbing any graves and that it, in fact, resulted as planned in a great improvement in the appearance of the cemetery.
Although in the process of removing the gravemarkers (the location of which had been diagrammed by the landowners in advance of the work) the contractor’s employee inadvertently cracked one marble tombstone, the evidence clearly shows that this tombstone had riot been erected for the grave of any member of plaintiff’s family. Plaintiff himself therefore cannot recover damage for such unmalicious act not resulting from a general profanation of the cemetery.
For the reasons more fully stated in the companion suit, the judgment of the trial court dismissing plaintiff’s suit is
Affirmed.