REID, Judge.
This case has previously been before this Court in Thomas v. Gremillion et al., 118 So.2d 485 (La.App. First Cir., 1960) wherein this Court affirmed the judgment of the Trial Court dismissing plaintiff’s suit for damages which had been brought against the contractor, his employee, and his liability insurer, who performed the work in the plantation graveyard at the direction of the landowners who. were made defendants in a companion suit, Thomas v. Mobley, La.App., 118 So.2d 476, with which this action was consolidated for trial and appeal.
The plaintiff here, as in the companion suit, has pleaded all of the same allegations as set forth in his original suit and has attempted to bring this suit within the decree of this Court in the companion suit of Thomas v. Mobley, supra, which reads as follows:
“The judgment dismissing plaintiff’s demand is affirmed, without prejudice to plaintiff to reinstate the claim if, within a year of the final date of the present judgment, defendant Mobley has not completed the restoration of the graveyard (within the limits shown by Exhibit Mobley — 28 attached hereto) and the tombstones as tendered by his letter on November 16, 1956 (Exhibit Mobley — 6), and without preju *675 dice to any claim for damages or other relief for future denial of access to said Pike’s Peak burial ground. * * ”
In this present suit the plaintiff has refiled his petition only as against The Fidelity & Casualty Company of New York, the insurer of the contractor, Ernest Gremil-lion, who, together with his employee Hill-man P. Gautreaux, was also a party defendant in the original suit.
The defendant herein, The Fidelity & Casualty Company of New York, filed an exception of res judicata, and in the alternative an exception of no cause of action. On April 19, 1962, the District Court signed a judgment pursuant to written reasons assigned on April 16, 1962, sustaining the defendant’s exception of res judicata and dismissing plaintiff’s suit at his cost. It is from that judgment this appeal has been taken.
The exception of res judicata is based upon the proposition this Court’s original decree contained no reservation as against the defendants therein, including the defendant herein, and that, therefore, the judgment of this Court is final and constitutes a definitive determination of the issues involved in this litigation insofar as the defendant herein is concerned.
An examination of the above quoted reservation contained in the decree of this Court in the case of Thomas v. Mobley, supra, clearly shows that it .relates only to the defendant Mobley and that no reservation of any kind was made in regard to this defendant or its insured Ernest Gremillion or his employee Hillman P. Gautreaux. It is self evident that the decision of this Court rendered in the case of Thomas v. Gremillion, La.App., 181 So.2d 486, is now final. In addition, it should be pointed out that in his brief filed in connection with this case and the consolidated case of Thomas v. Mobley, plaintiff raises no objection whatsoever to the judgment of the District Court in sustaining this defendant’s plea of res judicata and in fact makes no mention of this case whatsoever in his consolidated brief, and it must be assumed that plaintiff has abandoned his appeal insofar as this case is concerned.
For the above and foregoing reasons the judgment of the District Court is affirmed.
Affirmed.